FILED
U.S. DISTRICT COURT
 DIV.
2012 MAR -5 AM 11: 25
CLERK R Cook
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DAMON J. B. BAMBERG,

    Plaintiff,

v.

RICHARD DEAS; JIMMY BOATWRIGHT;
GREGORY RAINEY, SR; GREGORY
RAINEY, JR.; Officer DEXTER LNU;
and BOBBY CLARK,

    Defendants.

CIVIL ACTION NO.: CV212-026

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Damon J. B. Bamberg ("Plaintiff"), an inmate currently incarcerated at Hays State Prison in Trion, Georgia, filed an action pursuant to 42 U.S.C. § 1983, contesting conditions of his confinement at the Jeff Davis County Jail in Hazlehurst, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff chronicles in his 70-plus page Complaint events which allegedly occurred between January 19, 2008, and September 15, 2009. The majority of the events Plaintiff discusses concern Plaintiff's contention that Defendants were deliberately indifferent to his serious medical needs, in violation of his rights as a pre-trial detainee, and Plaintiff's contention that the Defendants failed to provide him with adequate protection from other inmates. Plaintiff also discusses a significant number of allegations relating Defendants' deliberate indifference to the serious medical needs of Plaintiff's mother, another detainee at the time.

Constitutional claims brought pursuant to section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions.

AO 72A
(Rev. 8/82)

O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. The facts supporting Plaintiff's cause of action occurred no later than September 15, 2009, and thus, Plaintiff would have had to file a cause of action in federal court on or before September 15, 2011, for his Complaint to be considered timely filed. Plaintiff did not file his cause of action until January 30, 2012, which was outside the applicable statute of limitations period.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of March, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE