# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| DAMON J. B. BAMBERG, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 212-026 |
| | * | |
| SHERIFF JIMMY BOATRIGHT; | * | |
| JAIL ADMINISTRATOR GREGORY | * | |
| RAINEY, SR.; SHERIFF RICHARD | * | |
| DEAS; OFFICER GREGORY RAINEY, JR.; | * | |
| OFFICER BOBBY CLACK; OFFICER | * | |
| DEXTER LNU, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Plaintiff Damon J.B. Bamberg ("Plaintiff"), is an inmate currently incarcerated at Hays State Prison in Trion, Georgia. On January 30, 2012, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983, contesting conditions of his confinement at the Jeff Davis County Jail in Hazelhurst, Georgia, where he was previously incarcerated. Dkt. No. 1. In a Report dated March 5, 2012, the Magistrate Judge recommended dismissal of Plaintiff's Complaint on the basis that all of the

AO 72A
(Rev. 8/82)

claims set forth therein were time-barred, as they occurred between January 19, 2008 and September 15, 2009.[1] Dkt. No. 7.

Plaintiff has submitted an Amended Complaint in which he seeks redress for events that occurred as late as October 1, 2009. Dkt. No. 21.   Additionally, Plaintiff has provided a written objection to the Magistrate Judge's Report and Recommendation.   In pertinent part, this objection states:

> The actions and events of this complaint occurred from January 19 2008 through 1 October 2009; therefore, the cause of action had to be filed on or before October 1 2011.  The Plaintiff filed his complaint jointly with Sonya L Bamberg on 15 September 2011.  That complaint was dismissed without prejudice as far as this plaintiff was concerned. The plaintiff received the notice of this dismissal on 22 December 2011 and refiled his complaint on or about 22nd day of January 2011. These dates fall within the applicable statute of limitations as the Plaintiff was allowed 30 days after he received notice of his case's (original complaint's) dismissal to submit [sic] an amended complaint as an individual plaintiff and he did so.

Dkt. No. 20 at 3-4. Even if the Court were to adopt the Plaintiff's argument, his Complaint is still time-barred.  That is, he did not re-file his Complaint by January 22, 2012 as he contends that he was permitted to do.  Rather, his Complaint was not filed until January 30, 2012.  Thus, even under the Plaintiff's own tolling argument, his claims are still time-barred.

---

[1] Constitutional claims brought pursuant to § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011).  The statute of limitation for a personal injury action in Georgia is two years. O.C.G.A. § 9-3-33.

AO 72A
(Rev. 8/82)

Consequently, the Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **overruled.** The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Plaintiff's Complaint is **DISMISSED** as time-barred. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED,** this 30th day of August, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)